CHARLES H. KNOWLES, Appellant, *vs.* DISTRICT OF NARRA-GANSETT.

WASHINGTON—NOVEMBER 18, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Highways.   Appeals.   Opening of Highways.*

No appeal lies from the order of a town council directing the *opening* of a highway and the removal of obstructions existing therein.

(2)  *Layout of Highways.  Appeal.*

While the statutes give an appeal from the *layout* of a highway to any person aggrieved thereby through whose land it is laid, as well as to any person aggrieved by the relaying, widening, straightening, changing the location of, or abandoning the whole or any part of a highway, no appeal lies for anything ordered to be done by town councils within the limits of an existing highway by way of opening or repairing the same unless the grade is changed.

(3)  *Appeals.  Town Councils.  Highways.  Jurisdiction.  Statutes.*

No appeal lies from the order of a town council which it had no authority to make.

In cases of special statutory jurisdiction, appeals must follow the express provisions of the statute.

The court will not settle the title to real estate in a moot case.

APPEAL from the order of a district council in a highway proceeding.  The facts are stated in the opinion.  Heard, and appeal dismissed.

TILLINGHAST, J.  The appellant fails to state a case which entitles him to any relief.  He alleges in his reasons of appeal that " he is interested in the matter of the highway at Point Judith, which was ordered to be opened and the obstructions therein to be removed by the decree of the District Council of said District, passed and made on the 27th day of August, 1900."

For reasons of appeal from said decree he says : " That there was no highway at the place referred to in said petition and order, but the *locus in quo* was a part of the appellant's farm to which he had and now has valid title ; that no highway was ever built or constructed on the ground or at the place where a highway was alleged to have existed in said petition and where the same was assumed to be ordered to be opened and the obstructions removed by said decree ; that the place where said decree directed the supervisor of highways to remove all obstructions was not a highway and the place from which said obstructions were removed was not a highway but was a part of the appellant's farm."

He therefore prays that said decree be declared null and ordered revoked.

Several reasons at once appear why the appellant states no

case.   First, if the *locus in quo* was a part of a public highway in said district, the district council had the right to order it opened and any obstructions existing therein to be removed. And from such an order no appeal lies under the statute, and for the very good reason that no one could be legally aggrieved by the making or execution of such an order.   As said by this court in *Gannon* v. *Doyle*, 16 R. I. 727, "In contemplation of law a person cannot be deemed to be aggrieved by a judgment in a proceeding in which he is not interested."

(2)   From the *layout* of a highway the statute gives an appeal to any person aggrieved thereby through whose land it is laid. It also gives an appeal to any person aggrieved by the relaying, widening, straightening, changing the location of, or abandoning the whole or any part of a highway.   See Gen. Laws R. I. cap. 71, §§ 11, 12, 31 ; Pub. Laws R. I. (May 23, 1899), cap. 666, § 3.   But for anything done or ordered to be done by town councils within the limits of an existing highway by way of opening or repairing the same, unless the grade thereof is changed, in which case an appeal may be taken under Gen. Laws R. I. cap. 72, § 33, no appeal lies.

(3)   Second, if the *locus in quo* was not a part of a public highway, as alleged by the appellant, but was a part of his farm, then the order in question was one which the district council had no authority to make, and was therefore wholly void and of no effect, and the appellant has his remedy in *trespass quare clausum* against any and all persons who shall attempt to carry out said order.   But the order in such case being one which the defendant had no authority to make, it is clear that no appeal lies therefrom.   It is well settled that where a special jurisdiction, not following the common law, is created by statute no appeal can be taken therefrom unless expressly provided for in the statute.   Ency. Pl. & Pr. vol. 2, p. 22 ; *Walsh* v. *Town Council*, 18 R. I. 88.

The appellant's counsel well states the law in his brief as to the rights of the surveyor of highways in the premises, assuming that the *locus in quo* was not a public highway.   He says : "The surveyor derived no authority from said order, and was simply a trespasser."

As the case is not properly before us for the reasons above given, any attempt on our part to settle therein the title to the strip of land in question, as evidently desired by the appellant, if not indeed by both parties, would be as futile and of as little effect as was the action of the district council in the making of the order in question, if said land was not a part of a public highway. In other words, title to real estate cannot be settled in a moot case.

The appeal must therefore be dismissed.

*Nathan B. Lewis and Dexter B. Potter*, for appellant.

*Benjamin W. Case and A. B. Crafts*, for appellee.